THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| FRANK L. SINDAR,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>    Respondent. | **MEMORANDUM DECISION &**<br>**ORDER TO SHOW CAUSE**<br><br>Case No. 2:23-CV-629-RJS<br><br>Chief District Judge Robert J. Shelby |

Utah state inmate, Petitioner Frank L. Sindar, styles his initial pleading as follows: "Mandamus 28 USC § 1651, de novo + injunctive relief." (ECF No. 1.) In his petition, he requests "relief from the unconstitutional acts of the third district court of Utah"--e.g., "violations of Petitioner's 6th, 8th, 14th Amendment, 60(b)(4) and 60(b)(6) fraud on the court by officers of the third district court." (*Id.*) Petitioner states he was sentenced "in Sept of 2004 . . . to 3 to life case # 031901919," after being "coerced into taking a plea." (*Id.*) He also mentions his attempts to challenge his conviction on direct appeal and with "Rule 22(e)" and "60(b)(4)" motions. (*Id.*) He declares, "The question of law is how long must this miscarriage of justice go on"; "refusing to uphold a void judgment is not an act of judicial discretion," but instead "is mandatory." (*Id.*) Petitioner apparently argues that his criminal conviction is "void and of no legal force or effect" because a judge did "not follow the law." (*Id.*) Ultimately, Petitioner asks this Court to "vacate his sentence." (ECF No. 5.)

Having screened Petitioner's *pro se* civil petition, under its statutory review function,[1] the Court proposes to dismiss this action because Petitioner has failed to state a claim upon which relief may be granted. (ECF No. 1.) The Court also denies Petitioner's motion for appointed counsel. (ECF No. 3.)

## I. ANALYSIS

### A. Standard of Review

When deciding if an initial pleading states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the petitioner has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Petitioner has the burden "to frame a '[petition] with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil petition contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an

---

[1] The screening statute reads, in pertinent part:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2024).

assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* [petitioner] could prove *some* set of facts in support of the pleaded claims is insufficient; the [petition] must give the court reason to believe that *this* [petitioner] has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). Dismissing the petition "without affording the [petitioner] notice or an opportunity to amend is proper only 'when it is patently obvious that the [petitioner] could not prevail on the facts alleged, and allowing him an opportunity to amend his [petition] would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (cleaned up)).

*Pro se* pleadings are construed liberally, applying a looser "standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a [petitioner's] complaint or construct a legal theory on a [petitioner's] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings may reasonably be read "to state a valid claim on which the [petitioner] could prevail, [they should be read] so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

### B. Section 1651 Versus Habeas

Petitioner's petition for writ of *coram nobis* under § 1651 is not a proper vehicle to obtain the remedy of vacation of his sentence. After all, "[i]t has long been settled in this circuit that

3

federal courts have no jurisdiction to issue writs of *coram nobis* with respect to state criminal judgments." *Davis v. Roberts*, 425 F.3d 830, 836 (10th Cir. 2005); *see also* Larry W. Yackle, *Postconviction Remedies* § 35, at 162 (1981) ("The writ [of coram nobis] is available only in the sentencing court to petitioners challenging federal convictions and sentences.").

Indeed, "[t]he All Writs Act [contained in 28 U.S.C. § 1651] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pinkerton v. Higgins*, 172 F. App'x 224, 227 (10th Cir. 2006) (unpublished) (alteration in original) (quoting *Penn. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)). And there is a statute that "specifically addresses the particular issue at hand": "A proceeding under § 2254 is the proper vehicle for a [state inmate's] challenge to the validity of a conviction or sentence . . . ." *Naves v. Bigelow*, 565 F. App'x 6178, 679 n.1 (10th Cir. 2014) (unpublished) (citing 28 U.S.C.S. § 2254 (2024); *Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000)); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding--when state inmate attacks fact or duration of confinement and seeks release from imprisonment--sole remedy lies in habeas-corpus petition). So, though Petitioner wrote § 1651 on his petition, the Court construes the petition here as belonging under § 2254.

### B. Second or Successive Petition

By bringing this action, Petitioner attacks the same conviction and sentence that he challenged in a past unsuccessful petition in this Court. *Sindar v. Turley*, 2:08-CV-133-DAK, ECF No. 15 (D. Utah Mar. 6, 2009) (denying habeas relief, as to underlying state criminal case number 031901019, based on untimeliness of filing), *aff'd*, No. 09-4060 (10th Cir. Aug. 28,

2009) (denying certificate of appealability). That renders this petition "second or successive." U.S.C.S. § 2244(b) (2024).

The Court lacks jurisdiction over these second or successive § 2254 issues, absent the Tenth Circuit Court of Appeals's prior authorization. *See id.* § 2244(b)(3)(A). Because Petitioner has apparently not sought such authorization, the petition's merits may not be considered.

This misfiled petition may be transferred to the court of appeals "if . . . it is in the interest of justice." *Id.* § 1631. In determining here that a transfer would not be in the interest of justice, the Court has assessed whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that this Court lacked the requisite jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

It seems clear here that transfer would not be in the interest of justice. This is why: It appears that the § 2254 claims posed by Petitioner would be untimely and therefore not cognizable if Petitioner were to continue to raise them further. The petition in Petitioner's earlier case in this Court was denied because it was filed past the period of limitation, with the denial being upheld by the Tenth Circuit. *See Sindar*, No. 2:08-CV-133 DAK, ECF No. 15, *aff'd*, No. 09-4060. And any of the claims Petitioner suggests here apparently could all have been, or were, brought in that original action. Petitioner identifies no new evidence or law. The claims therefore lack merit, and Petitioner should have known before filing them that they were not brought in good faith and that the Court lacked jurisdiction.

## II. MOTION FOR APPOINTED COUNSEL

Regarding Petitioner's motion for appointed counsel, (ECF No. 3), the Court notes that Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas-corpus

case. *See Pinson v. Berkebile*, 576 F. App'x 710, 714 (10th Cir. 2014) (unpublished) ("'[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction.'" (quoting *Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994))). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* R. 8(c), Rs. Governing § 2254 Cases in U.S. Dist. Cts. However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2024).

The Court has reviewed the filings here and rules that justice does not require appointed counsel. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (weighing factors like "merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims"); *see also Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) (referring to analysis in *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991), for determining whether to appoint counsel in habeas case) First, it is clear that Petitioner has not asserted colorable claims. *See Williams*, 926 F.2d at 996. Second, Petitioner shows sufficient capability to explore facts around the issues and to state them with enough coherence. *See id.* Finally, the issues here are relatively unambiguous and not so complicated as to require an attorney's help. *See id.* The Court thus denies Petitioner's motion for appointed counsel.

### III. CONCLUSION

Though labeled as a § 1651 action, this petition raises challenges that are instead authorized under § 2254. *See* 28 U.S.C.S. §§ 1651, 2254 (2024). Even so, because Petitioner has already attacked his very same conviction in a past § 2254, this current petition is second or

successive. *See id.* § 2244(b). And Petitioner has apparently not sought the requisite authorization from the Tenth Circuit to raise his current issues, divesting this Court of jurisdiction over his petition. (*Id.*) Further, because it appears that Petitioner would not be successful in gaining that authorization, it is not in the interest of justice for the Court to transfer this action to the Tenth Circuit. *Id.* § 1631.

**IT IS THEREFORE ORDERED** as follows:

**(1)** Petitioner must within thirty days **SHOW CAUSE** why this petition should not be dismissed for Petitioner's failure to seek the Tenth Circuit's authorization to bring this second or successive § 2254 challenge.

**(2)** Plaintiff's motion for mandatory injunctive relief is **DENIED** as repetitive of the initial pleading. (ECF No. 2.)

**(3)** For the sole purpose of facilitating consideration of Petitioner's motion for appointed counsel, Petitioner's motion to proceed *in forma pauperis* is **GRANTED**. (ECF No. 4.)

**(4)** Petitioner's motion for appointed counsel is **DENIED**. (ECF No. 3.)

**(5)** Petitioner's motion for default judgment is **DENIED**. (ECF No. 5.) The Court has never required Respondent to answer the Petition.

DATED this 28th day of May, 2024.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court