THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| FRANK L. SINDAR,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>    Respondent. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:23-CV-629-RJS<br><br>Chief District Judge Robert J. Shelby |

Having screened Petitioner's initial *pro se* pleading styled "Mandamus 28 USC § 1651, de novo + injunctive relief," under its statutory review function,[1] on May 28, 2024, the court issued an Order to Show Cause proposing to dismiss this action because Plaintiff failed to state a claim upon which relief may be granted.[2] (ECF Nos. 1, 6.) Plaintiff responded to the Order to Show Cause with a Motion to Stay and Correct Complaint. (ECF Nos. 7.[3]) As discussed below, Petitioner's Motion is unavailing.

---

[1] The screening statute reads:
  (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
  (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C.S. § 1915A (2023).

[2] The court hereafter refers to Plaintiff's "Mandamus 28 USC § 1651, de novo + injunctive relief" filing as Plaintiff's Petition.

[3] Petitioner also filed a Motion to Amend and Add New Case Number on July 12, 2024. (ECF No. 8.) But the Motion to Amend and Add New Case Number does not respond to the deficiencies identified in the Order to Show Cause. Rather, the entirety of the Motion states: "Petitioner, Frank L. Sindar hearby [sic] comes before[e] this Honorable court with Motion to Amend and Add New Case Number for *Sindar v. Lindberg* 2:10-cv-9999[.] Petitioner believes this number comes from the Tenth Circuit Court." (*Id.* at 1.) The court is unable to find any case

Petitioner's Petition applies for "relief from the unconstitutional acts of the third district court of Utah," specifically "violations of Petitioner's 6th, 8th, 14th amendment[s], 60(b)(4) and 60(b)(6) fraud on this court by officers of the third district court of the State of Utah." (ECF No. 1.) Petitioner asserts his conviction and sentence in the underlying state criminal case 031901919 "is void and of no legal force or effect" because the judge "[did] not follow the law." (*Id.* at 2.[4]) Petitioner unsuccessfully challenged the same conviction and sentence in this court. *See Sindar v. Turley*, 2:08-CV-133-DAK, ECF No. 15 (D. Utah Mar. 6, 2009) (denying habeas relief for case number 031901019 as untimely), *aff'd*, No. 09-4060 (10th Cir. Aug. 28, 2009) (denying certificate of appealability).

Construing Petitioner's Petition as a § 2254 petition challenging Petitioner's conviction or sentence, this court issued a Memorandum Decision and Order to Show Cause on May 28, 2024, concluding the substance of Petitioner's Petition failed to state a claim upon which relief may be granted. (ECF No. 6.) In the Order, the court concluded it "lacks jurisdiction over these second or successive § 2254 issues, absent the Tenth Circuit Court of Appeal's prior authorization" because Petitioner challenged the same conviction or sentence as he did in *Sindar v. Turley*. (*Id.* at 5.) Accordingly, the court ordered Petitioner to show cause within thirty days why his Petition "should not be dismissed for Petitioner's failure to seek the Tenth Circuit's authorization to bring this second or successive § 2254 challenge." (*Id.* at 7.)

---

with that number or name. In any case, the Motion to Amend and Add New Case Number does not address the Petition's deficiencies and has no bearing on the court's analysis. Accordingly, the court does not address this Motion.

[4] Specifically, Petitioner states "the government refuses … to play by its own rules … to facilitate an easier conviction.… Petitioner has been incarcerated nineteen years and always protested his innocence.… The State of Utah is in default and still is unchallenged." (*Id.* at 4–5.)

On July 1, 2024, Petitioner filed a Motion to Stay and Correct. (ECF No. 7.) In this Motion, Petitioner states he "is not challenging his conviction and sentence but only giv[ing] the court an overview of what was going on" and asks the court to stay the case for Petitioner "to gather any info he can." (*Id.* at 1, 4.) Petitioner also argues "untimely error is not harmless and must be reversed" because "the superior court lacks the discretion to decide whether to set aside a void judgment." (*Id.* at 4, 6.)

## ANALYSIS

Petitioner's response is unavailing. First, Petitioner was ordered to show cause why his Petition should not be dismissed within thirty days. The court issued the Order to Show Cause on May 28, 2024, and Petitioner filed his Motion to Stay and Correct on July 1, 2024—thirty-four days later.

Second, even if the court were to consider Petitioner's subsequent filings, Petitioner has not met his burden. Petitioner states he is "not challenging his conviction and sentence but only giv[ing] the court an overview of what was going on," but also takes issue with this court's conclusion in the Order to Show Cause that transferring the Petition to the Court of Appeals would not be in the interest of justice due to untimeliness. (ECF Nos. 6, 7.) Specifically, Petitioner contends "[n]o amount of time can render a void judgment valid." (*Id.* 1, 6.)

If Petitioner is not challenging his conviction and sentence and merely wants to give the court "an overview," there is no legal issue for the court to resolve. *See Greenlaw v. U.S.*, 554 U.S. 237, 243–44 (2008) (stating the court's role is to be a neutral arbiter and decide questions presented by the parties). If Petitioner is asserting a legal challenge, then Petitioner must have authorization from the Tenth Circuit to bring a "second or successive" petition pursuant to

28 U.S.C.A. § 2254(b)(3)(A) as the court previously ordered.  Petitioner has not presented any certification from the Tenth Circuit permitting a "second or successive application" for relief due to violations of constitutional law.  (ECF Nos. 7, 8.)  Accordingly, the court lacks jurisdiction over Petitioner's Petition.  *See* 28 U.S.C.A. § 2254(b)(3)(A).

## ORDER

Petitioner's response does not change the court's conclusions in its Order to Show Cause that Petitioner's Petition must be dismissed.

**IT IS THEREFORE ORDERED** that—for failure to seek the Tenth Circuit's authorization to bring this second or successive § 2254 challenge—this action is **DISMISSED** with prejudice.  *See* 28 U.S.C.A. § 2244(b)(1).

DATED this 10th day of December 2024.

BY THE COURT:

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court